**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1082**

_____

JIN QING WANG,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-911-532)

_____

Submitted: October 31, 2007      Decided: December 26, 2007

_____

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Frederic W. Schwartz, Jr., Washington, D.C., for Petitioner. M. Jocelyn Lopez Wright, Assistant Director, Kathryn L. Moore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jin Qing Wang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] Wang challenges the immigration judge's finding that his testimony was not credible and that he otherwise failed to meet his burden of proving eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence, Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Wang failed to establish past persecution or a well-founded fear of future

---

[*]Wang does not challenge the denial of relief under the Convention Against Torture, and therefore, this claim is abandoned. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (holding that failure to raise a challenge in an opening brief results in abandonment of that challenge).

persecution on a protected ground, as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, because Wang cannot sustain his burden on the asylum claim, he cannot establish entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").

Accordingly, we deny Wang's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED